E. W. PAGE

*v.*

LAURA M. BELLAMY *et al.*

*Opinion filed October 23, 1906.*

LIMITATIONS—*occupancy must be under claim of ownership.* To enable one to acquire title under the twenty year Statute of Limitations it is essential that the occupancy of the land shall be under claim of title or ownership; and no such title is acquired where the occupancy is had by permission or sufferance of the real owner.

APPEAL from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

KEEFE & PEEBLES, (FRANK G. WOOD, of counsel,) for appellant.

CHARLES C. TERRY, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellees filed a bill in the circuit court of Macoupin county for the partition of a triangular piece of ground containing about one-seventh of an acre, lying in the city of Girard, on the west side of and adjacent to the right of way of the Chicago and Alton Railroad Company. It was originally a part of a tract of land belonging to Barnabas Boggess. The complainants claim title as heirs and grantees of said Barnabas Boggess. Some time in 1866 Boggess platted the land belonging to him, which surrounded the triangular tract in controversy, into lots and blocks as an addition to the city of Girard. For some reason this small piece of land was not described in the plat. From the year 1866, or a few years prior thereto, there appears to have been a grain elevator or warehouse on this disputed piece of ground. It was never used or occupied by Boggess and the record does not disclose who erected the buildings. They, together with the land in the triangular tract mentioned, were continuously in the possession of some one else, and were used in buying and handling grain up to the time of the commencement of this suit. W. S. Garretson testified that in 1876 he became associated with a Mr. Benion in the possession of the warehouse and ground and so continued about two years, when Walker and Minnier became associated with him; that he and they occupied the premises in conducting a grain business for two or three years, when appellant became associated with the witness, and they together continued the business and the occupation of the premises until 1885 or 1886, when he sold out to appellant. Appellant and others representing him have had possession continuously since that time. The answer of appellant denied that complainants

had any interest in the land, and set up and relied on the twenty year Statute of Limitations. Upon a hearing the court found against appellant and decreed a partition of the premises as prayed in the bill. From that decree appellant, E. W. Page, prosecutes this appeal.

There is no question that the legal title was in Barnabas Boggess at the time of his death. The sole defense relied upon was and is, that appellant, and those under whom he claims, had been in the continuous, uninterrupted, adverse and hostile possession of the land, under claim of ownership, for more than twenty years prior to the commencement of the suit. The proof does not sustain this claim. While it appears they had been in possession more than twenty years, such possession was not accompanied by any claim of ownership. None of the parties who had been in possession of the land prior to the time Garretson became connected with Benion, in 1876, testified on the hearing. Garretson was a witness and testified he never had any interest in the land, and that he and Benion never claimed to own the ground the warehouse stood on, and that neither Walker, Minnier nor Page, the appellant, claimed to own it while he was associated with them. He said he understood Boggess and the railroad company owned it, and while he and his associates claimed the building, they occupied the land by permission and sufferance of its owners without the payment of rent or taxes. The land appears never to have been listed for taxation until 1897, when appellant caused it to be listed for the purpose of allowing it to be sold for taxes and securing title to it in that way. His wife bought it at the tax sale in 1898, and after receiving a tax deed conveyed the premises to her husband. This was the first and only color of title he had to the land. The conveyance from Garretson of his interest in the premises to Page, in 1886, describes the property conveyed as "the undivided one-half interest in one warehouse and elevator, together with all their appurtenances, such as engine, boiler, dump-scales, wheat-fan,

corn-burs, grain-truck, etc.; also the office building, and the scales attached thereto and the furniture contained therein, situated on land owned by the Chicago and Alton Railroad Company, on the west side of the track and north side of Center street; also the undivided one-half interest in a one-story wood warehouse, together with the office building, situated on said railroad switch and near the south terminus of the same and on the south side of Madison street, and all other fixtures or appurtenances thereunto in anywise belonging." The property is similarly described in a conveyance from Robert J. Walker to appellant. In 1888 appellant made an assignment to John Ball, as assignee, for the benefit of his creditors, and in his schedule to the deed of assignment he described the interest in the premises conveyed as "one warehouse situated on above described railroad lands, known as the Benion warehouse."

This proof conclusively shows that the land was not occupied under a claim of ownership, but was occupied, as was testified to by Garretson, by permission or sufferance of the supposed owners. To enable one to acquire title under the twenty year Statute of Limitations, it is essential that the occupancy shall be under claim of title or ownership. "The adverse possession which is required to constitute a bar to the assertion of a legal title by the owner of it must include these five elements: It must be (1) hostile or adverse; (2) actual; (3) visible, notorious and exclusive; (4) continuous; and (5) under a claim or color of title." (*Zirngibl* v. *Calumet Dock Co.* 157 Ill. 430.) This language is repeated in *Illinois Central Railroad Co.* v. *Hatter*, 207 Ill. 88, and *Roby* v. *Calumet and Chicago Dock Co.* 211 id. 173. In the latter case it was said: "And all these elements must be made out by clear and positive proof." In *Zirngibl* v. *Calumet Dock Co. supra*, it was said: "Adverse possession cannot be made out by inference or implication, for the presumptions are all in favor of the true owner, and the proof to establish it must be strict, clear, positive and unequivo-

cal." The proof relied on by appellant to sustain his title does not meet the requirements of the authorities, and the court properly decreed a partition of the premises, and the said decree will be affirmed.           *Decree affirmed.*